NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>CHRYSSOULA ARSENIS,<br><br>Debtor. | Bankruptcy Action No. 24-21859 (MEH) |
| CHRYSSOULA ARSENIS,<br><br>Appellant,<br><br>v.<br><br>UNITED STATES TRUSTEE and BLUE FOUNDRY BANK<br><br>Appellees. | Civil Action No. 25-16054 (RK)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Debtor-Appellant Chryssoula Arsenis's ("Arsenis") Emergency Motion for an Administrative Stay and Stay Pending Appeal ("Stay Motion") ("Mot.," ECF No. 4) and Emergency Motion to Expedite Consideration of Stay Pending Appeal and for Temporary Administrative Stay (ECF No. 10). These Motions were filed in connection with Arsenis's appeal of the United States Bankruptcy Court for the District of New Jersey's (the "Bankruptcy Court") order granting Appellee[1] Blue Foundry Bank (the "Bank") relief

---

[1] Although the first-named appellee when this appeal was filed, the United States Trustee did not take a position on the underlying issue in the Bankruptcy Court and has been terminated as an appellee in this case. (*See* ECF No. 14.)

from the automatic bankruptcy stay. (Bankr. ECF No. 183.[2]) The Bank opposed both Motions (ECF No. 11; ECF No. 17) and filed a supplemental opposition to the Stay Motion (ECF No. 12). Arsenis replied to both oppositions. ("Reply," ECF No. 15; ECF No. 18.) The Bank filed a letter in response to Arsenis's reply regarding the second Motion (ECF No. 19), and Arsenis filed her own letter (ECF No. 20). Arsenis also submitted a "Certification of Chryssoula Arsenis Regarding Negotiation and Payment Attempts with Blue Foundry Bank." (ECF No. 21.) It is unclear if Arsenis submitted this filing in connection with the pending Motions or simply the underlying bankruptcy appeal. However, in an abundance of caution and because Arsenis is a *pro se* litigant, the Court has considered this filing in deciding these Motions.[3]

The Court has considered the parties' submissions and resolves the Motions (ECF Nos. 4, 10) without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. *See also* L. Civ. R. 601.1(c) (providing that the District's Local Civil Rules apply to bankruptcy appeals before the District Court). After carefully considering the parties' submissions and, for the reasons explained below, the pending Motions (ECF Nos. 4, 10) are **DENIED**.

I.      BACKGROUND

The Court need not recite the tortured history of litigation involving Arsenis or her family. *See Arsenis v. Blue Foundry Bancorp*, No. 24-8978, 2025 WL 383750, at *1–6 (D.N.J. Feb. 4, 2025) (providing such a history). At the hearing before the Bankruptcy Court, Arsenis's lawyer represented that the home subject to the foreclosure action is worth approximately $6.8 million. (ECF No. 15-7 at 14:4.) Suffice it to say, Arsenis owes millions of dollars on her mortgage and

---

[2] Citations to "ECF No. __" refer to docket entries in this Bankruptcy Appeal (No. 25-16054) and citations to "Bankr. ECF No. __" refer to docket entries in the underlying Bankruptcy Court case (No. 24-21859).

[3] The Court notes that Spyridon Arsenis, who is a named party along with Chryssoula in a myriad of other litigation, is supposedly a licensed attorney. *See Arsenis v. Blue Foundry Bancorp*, No. 24-8978, 2025 WL 383750, at *4 (D.N.J. Feb. 4, 2025).

does not want the Bank to foreclose on her home. (*See* Bankr. Claim 12-1 at 36.[4]) To delay and obstruct the Bank's efforts to foreclose, Arsenis has engaged in a pattern of frivolous and vexatious litigation of which this appeal "is but another example."[5] *Blue Foundry Bancorp*, 2025 WL 383750, at *1. Indeed, Arsenis and her family have litigated their cases in the New Jersey state courts, courts within this District, and the United States Court of Appeals for the Third Circuit. *See id.* at *1–6. Here, recently, Arsenis filed a bankruptcy petition pursuant to Title 11. (Bankr. ECF No. 1.) For over nine months, Arsenis's bankruptcy petition temporarily stayed the state court foreclosure. *See In re Olick*, 504 F. App'x 189, 193 (3d Cir. 2012) (per curiam) (noting that "[t]he filing of a bankruptcy petition automatically stays any act to obtain possession of property of the estate" (cleaned up)); (Bankr. ECF No. 1 (petition filed on December 2, 2024); Bankr. ECF No. 183 (relief from automatic stay granted on September 15, 2025)). Bankruptcy courts are unique among federal courts in their broad power to enjoin state court proceedings, including foreclosure proceedings, and these proceedings are automatically stayed upon a debtor filing for bankruptcy. *See In re Univ. Med. Ctr.*, 973 F.2d 1065, 1074 (3d Cir. 1992). However, bankruptcy courts are

---

[4] This citation refers to the claim in the underlying Bankruptcy Court case (No. 24-21859).

[5] Arsenis has brought or removed over a dozen cases to courts within this District. *See* No. 25-2900 (D.N.J.) (RK); No. 24-8978 (D.N.J.) (RK); No. 23-23419 (D.N.J.) (RK); No. 24-8585 (D.N.J.) (RK); No. 24-4513 (D.N.J.) (MAS); No. 24-4511 (D.N.J.) (MAS); No. 24-1138 (D.N.J.) (MAS); No. 23-22822 (D.N.J.) (MAS); No. 24-4561 (D.N.J.) (MAS); No. 23-2844 (D.N.J.) (MAS); No. 23-20637 (D.N.J.) (MAS); No. 23-2601 (D.N.J.) (MAS); No. 23-1609 (D.N.J.) (MAS); No. 23-879 (D.N.J.) (MAS); No. 23-878 (D.N.J.) (MAS); No. 22-2341 (D.N.J.) (MAS); No. 22-1748 (D.N.J.) (MAS); No. 22-1596 (D.N.J.) (MAS); No. 22-1595 (D.N.J.) (MAS).

As an examination of the above cited cases will indicate, Arsenis's vexatious litigation strategy extends beyond cases involving her foreclosure. As just one example, in *Horizon Blue Cross Blue Shield of New Jersey v. Arsenis*, Arsenis removed a state court fraud claim against her to federal court. 23-22822, 2024 WL 2750824, at *3 (D.N.J. May 29, 2024). The court explained that Arsenis had "twice tried to improperly remove th[at] case to [federal court] despite clear substantive and procedural deficiencies with her removals," and went on to hold that these "acts, compounded with similar acts in . . . similar litigation, reveal a pattern and practice of vexatious litigation necessitating sanctions."

empowered to lift the automatic stay "for cause" to allow other actions to proceed. 11 U.S.C. § 362(d)(1).

Here, the Bankruptcy Court did exactly that. After briefing, (*see* Bankr. ECF Nos. 156, 165, 169), and an extensive hearing in the Bankruptcy Court where Arsenis was represented by counsel, (*see* Bankr. ECF No. 178), the Bankruptcy Court granted the Bank relief from the automatic stay so that it could pursue its foreclosure action (the "September 15, 2025 Order"), (Bankr. ECF No. 183; *see* ECF No. 15-7 at 33:12–16). Arsenis sought reconsideration, (Bankr. ECF No. 188), and again, after briefing and a hearing, (Bankr. ECF Nos. 188, 207, 222), the Bankruptcy Court denied the motion for reconsideration, (Bankr. ECF No. 214). The day after filing the motion for reconsideration, Arsenis filed a notice of appeal to this Court. (Bankr. ECF No. 191; ECF No. 1.) Three days after that, she filed a Motion to Stay Pending Appeal and Administrative Stay in the Bankruptcy Court. (Bankr. ECF No. 195.) Acting expeditiously, the Bankruptcy Court held a hearing three days later (the "October 2, 2025 Hearing"). (ECF No. 4-1; Bankr. ECF No. 203.) As the foreclosure was not imminent, the Bankruptcy Court set a briefing schedule and a new hearing for three weeks later. (ECF No. 4-1 at 20:25–22:7.) One week before that new hearing was scheduled to take place, Arsenis filed the instant Emergency Motion for an Administrative Stay and Stay Pending Appeal in this Court. (ECF No. 4.) The parties briefed the parallel stay motions in both this Court and the Bankruptcy Court (ECF Nos. 4, 11, 12, 15; Bankr. ECF Nos. 195, 207, 213.) The Bankruptcy Court held its hearing as scheduled, (ECF No. 15-9), and denied the Motion, reasoning that, among other things, Arsenis failed to show that she was

4

likely to succeed on the merits of her appeal (Bankr. ECF No. 218 at 12). This Court must now decide the similar Stay Motion pending before it.[6]

## II. **LEGAL STANDARD**

A party may move in the district court for a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007(b).[7] *See* Fed. R. Bankr. P. 8007(b). Such a stay "is an 'extraordinary remedy.'" *Deshmukh v. U.S. Tr. Off.*, No. 25-4017, 2025 WL 2663696, at *5 (D.N.J. Sept. 17, 2025) (quoting *In re W.R. Grace & Co.*, 475 B.R. 34, 205 (D. Del. 2012)). In determining whether to grant such a stay, courts apply factors akin to those used in the preliminary injunction context. As the United States Court of Appeals for the Third Circuit has explained:

> In considering whether to grant a stay pending appeal, courts consider the following four factors: (1) whether the appellant has made a strong showing of the likelihood of success on the merits; (2) will the appellant suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest.

*In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015). The first two factors are the "most critical," *id.* at 570, and if the movant fails to show either of the first two factors, "the stay should be denied without further analysis," *id.* at 571 (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997)). On the first factor, the movant bears the "burden of demonstrating that it has a 'significantly better than negligible' chance of succeeding on the merits of its" appeal. *S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 775 (3d Cir. 2019) (quoting *In re Revel AC, Inc.*, 802 F.3d at 571).

A bankruptcy court's decision to grant relief from the automatic stay is reviewed for abuse

---

[6] During the pendency of the Stay Motion, Arsenis also filed her Emergency Motion to Expedite Consideration of Stay Pending Appeal and for Temporary Administrative Stay. (ECF No. 10).

[7] Arsenis indicates that her Stay Motion was filed pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Bankruptcy Procedure 8007(e). (Mot. at 1.) Those rules do not appear relevant to Arsenis's Stay Motion. In an effort to liberally construe Arsenis's filings as a *pro se* litigant, the Court construes her Stay Motion as being brought under the proper rule, Federal Rule of Bankruptcy Procedure 8007(b).

of discretion. *See In re Myers*, 491 F.3d 120, 128 (3d Cir. 2007). An abuse of discretion arises when a court's decision is based on "a clearly erroneous finding of fact, an erroneous legal conclusion or an improper application of law to fact." *In re Maxus Energy Corp.*, 49 F.4th 223, 229 (3d. Cir. 2022) (quoting *In re Prosser*, 777 F.3d 154, 161 (3d Cir. 2015)). In other words, a court abuses its discretion "only where the . . . court's decision is 'arbitrary, fanciful, or clearly unreasonable'—in short, where 'no reasonable person would adopt the . . . court's view.'" *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (quoting *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009)).

## III.   DISCUSSION

Arsenis devotes a single paragraph of her Stay Motion to arguing that she is likely to succeed on the merits. (*See* Mot. at 10–11.) Other than a conclusory statement that the Bankruptcy Court erred in finding cause to lift the stay, this paragraph, like most of Arsenis's Stay Motion, focuses on Arsenis's grievances with the October 2, 2025 Hearing. (*See id.* at 3–11.) However, Arsenis is appealing the Bankruptcy Court's September 15, 2025 Order granting the Bank relief from the automatic stay, not the results of the October 2, 2025 Hearing.[8] (ECF No. 1.) Accordingly, Arsenis must show that she is likely to succeed in her appeal of the September 15, 2025 Order granting the Bank relief from the automatic stay. *See S.S. Body Armor I., Inc.*, 927 F.3d at 773 ("The first stay factor requires us to evaluate whether [appellant] has shown that it has a 'significantly better than negligible' chance of succeeding on the merits of its pending . . . [a]ppeal." (quoting *In re Revel AC, Inc.*, 802 F.3d at 571)). Arsenis's simple one sentence conclusory statement that the Bankruptcy Court erred in finding cause does not suffice to show a

---

[8] The likelihood of success in some hypothetical challenge to the results of the October 2, 2025 Hearing is entirely irrelevant.

likelihood of success on the merits. *See Cerro Fabricated Prods. LLC v. Solanick*, 300 F. Supp. 3d 632, 654 (M.D. Pa. 2018) ("This brief and generalized assertion fails to satisfy Plaintiff's burden of demonstrating a likelihood of success on the merits."). Having failed to meaningfully argue that she is likely to succeed on her appeal of the September 15, 2025 Order, Arsenis has undoubtedly failed to carry her "burden of demonstrating that [she] has a 'significantly better than negligible' chance of succeeding on the merits of" her appeal. *Id.* at 775 (quoting *In re Revel AC, Inc.*, 802 F.3d at 571). Because she has failed on the first threshold stay factor, the Court need not address the other factors. *See In re Revel AC, Inc.*, 802 F.3d at 571.

Arsenis makes a flurry of new arguments in her Reply, and unlike in her Stay Motion, some of these arguments are directed at the order she is appealing. (*See* Reply at 12–27.) It is, of course, axiomatic that "[a]rguments raised for the first time before a district court in a reply brief are deemed forfeited." *In re Niaspan Antitrust Litig.*, 67 F.4th 118, 135 (3d Cir. 2023). This rule applies "[d]espite the leniency afforded to *pro se* litigants." *Enigwe v. Extended Stay Am.*, 21-12407, 2021 WL 7209451, at *2 n.2 (D.N.J. Oct. 4, 2021), *report and recommendation adopted*, 2022 WL 190670 (D.N.J. Jan. 21, 2022); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (noting that *pro se* litigants "cannot flout procedural rules" (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013))). Moreover, this rule is not merely technical. It applies as a matter of basic fairness because the opposing party has no opportunity to respond to arguments raised for the first time in a reply.[9] *See Bayer AG v. Schein Pharm., Inc.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001), *aff'd*, 301 F.3d 1306 (Fed. Cir. 2002).

---

[9] The Court also notes that Arsenis's reply brief consists of 40 substantive pages. (*See* Reply at 11-50.) This greatly exceeds the 15-page limit on reply briefs set by the Local Rules. *See* L. Civ. R. 7.2(b). This significantly exceeds the 15-page limit. Arsenis also failed to properly seek leave to exceed the Local Rules' page limit. While the brief could likely be reduced by a few pages via reformatting, (*see* ECF No. 20), clearly, such reformatting would not bring it within the acceptable page range.

While the fact that Arsenis's arguments were first raised in a reply brief is sufficient to disregard them, the Court also notes that they fail on the merits. By way of example, Arsenis argues that the Bankruptcy Court erred in placing too much weight on this Court's prior decision finding that Arsenis acted in bad faith in *Blue Foundry Bank v. Arsenis*, No. 23-23419, 2024 WL 1521359 (D.N.J. Apr. 8, 2024). (*See* Reply 19–22.) Specifically, she contends that the Bankruptcy Court misapplied the doctrine of collateral estoppel in looking to this Court's previous decision. (*See id.* at 20–21.) Collateral estoppel "prohibits the relitigation of issues that have been adjudicated in a prior lawsuit." *In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997). The doctrine exists, in part, to "protect [parties] from being forced to relitigate the same issues in multiple lawsuits." *Peterson v. Holmes*, No. 11-2594, 2017 WL 1653949, at *4 (D.N.J. May 2, 2017) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Here, the Bankruptcy Court did not rely on the doctrine of collateral estoppel, and the issue of whether cause existed to grant stay relief was independently evaluated by the Bankruptcy Court. A review of the transcript makes it plain that the Bankruptcy Court independently and properly analyzed the "totality of the circumstances" of the case, *In re Wilson*, 116 F.3d 87, 91 (3d Cir. 1997), and exercised its "discretion" to grant the Bank relief from the stay, *In re Myers*, 491 F.3d at 128; (*see* ECF No. 15-7 at 26:11–34:17.) In fact, before even referring this Court's prior opinion, the Bankruptcy Court discussed the protracted history of this litigation for over two pages of the transcript, (ECF No. 15-7 at 28:6–30:9), and explained that "[i]t is evident that the debtor's aggressive litigation efforts resulted in prolonged, unnecessary delay of the foreclosure action and presumably an increased expense by Blue Foundry to defend itself against the myriad of litigation in various New Jersey courts," (*id.* at 30:5–9; *see also* Bankr. ECF No. 214 at 5 (Bankruptcy Court explaining on reconsideration "that the Debtor's litigation efforts in various New Jersey courts

resulted in protracted, unnecessary delay of the foreclosure action and increased expense by Blue Foundry to defend itself against that litigation'")). Accordingly, the Bankruptcy Court conducted its own independent assessment of Arsenis's litigation history rather than relying on the doctrine of collateral estoppel and simply cited this Court's prior opinion as an example of Arsenis's pattern of litigation. *Cf. United Supply Co. v. Crivaro*, No. 17-3256, 2018 WL 1605152, at *4–6 (D.N.J. Apr. 3, 2018) (rejecting bankruptcy court's collateral estoppel conclusion but affirming the bankruptcy court's decision reaching the same conclusion on independent grounds).

True enough, the Bankruptcy Court did eventually discuss this Court's finding of bad faith, (*see* ECF No. 15-7 at 30:9–22), but Arsenis provides nothing to suggest that a court cannot cite a previous holding as an example without applying the doctrine of collateral estoppel. In light of the immense amount of ink that has been—and undoubtedly will continue to be—spilled in this litigation, the Court will not spend any more time comprehensively addressing Arsenis's forfeited arguments.

In sum, in her Stay Motion, Arsenis provides no argument for why she is likely to succeed on the merits of her appeal and her forfeited arguments in her reply brief are too little too late. Accordingly, she has failed to carry her "burden of demonstrating that [she] has a 'significantly better than negligible' chance of succeeding on the merits of" her appeal. *S.S. Body Armor I., Inc.*, 927 F.3d at 775 (quoting *In re Revel AC, Inc.*, 802 F.3d at 571). Because she has failed on the first threshold stay factor, "the stay should be denied without further analysis." *In re Revel AC, Inc.*, 802 F.3d at 571 (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d at 1301). Arsenis's Stay Motion, therefore, is **DENIED**.[10]

---

[10] Arsenis has also moved for expedited consideration of her Stay Motion and a temporary administrative stay pending resolution of the Stay Motion. (ECF No. 10.) Because the Court denies the Stay Motion, these requests are now moot, and the Court **DENIES** them. *See In re Ramirez*, 225 F. App'x 80, 81 (3d Cir.

**THEREFORE**, it is on this 29th day of December, 2025, **ORDERED** that:

I. Arsenis's Emergency Motion for an Administrative Stay and Stay Pending Appeal (ECF No. 4) and Emergency Motion to Expedite Consideration of Stay Pending Appeal and for Temporary Administrative Stay (ECF No. 10) are **DENIED**.

II. The Clerk's Office is directed to **TERMINATE** the Motions pending at ECF Nos. 4 and 10.

                                                                 */s/*
                                                                **ROBERT KIRSCH**
                                                                **UNITED STATES DISTRICT JUDGE**

---

2007); *U.S. ex rel. Laporte v. Premiere Educ. Grp., L.P.*, No. 11-3523, 2017 WL 4167434, at *2 (D.N.J. Sept. 20, 2017) ("As the predicate motions for the requested stay are denied, this request is moot.").